UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7336-CAS(FFMx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | ASHLEY VINCENTI ET AL. v. EXXON MOBIL CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | NOT REPORTED | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

NOT PRESENT                                           NOT PRESENT

**Proceedings:** PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND JOINDER OF DOE DEFENDANTS AND TO REMAND ACTION TO STATE COURT (filed on 10/20/11)

## I. INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of November 21, 2011 is hereby vacated.

Plaintiffs Ashley and Anthony Vincenti ("Plaintiffs") filed suit in state court on March 4, 2011, against defendant Exxon Mobil Corporation ("Exxon Mobil"). Compl., at 1, Dkt. No. 10, at 3. Plaintiffs' First Amended Complaint ("FAC") alleged claims under state law for negligence, nuisance, trespass, and loss of consortium as a result of health problems caused by contamination of their property at 208 Palm Avenue, Santa Barbara, California. FAC at 4-8, Dkt. No. 2. The contamination originated from the site of a former Mobil Service Station at 314 Santa Barbara Street, Santa Barbara, California (the "Mobil Station"). Id. On September 6, 2011, Exxon Mobil filed a notice of removal, stating that the parties are of diverse citizenship because Plaintiffs are citizens of California and Exxon Mobil is a citizen of New Jersey and Texas, and that the action became removable on September 1, 2011, when Exxon Mobil first knew that the amount in controversy exceeded the jurisdictional minimum. Notice of Removal ¶¶ 9-10, Dkt. No. 1; 28 U.S.C. § 1332.

Plaintiffs now seek leave to file a Second Amended Complaint to add non-diverse defendants, which would deprive the Court of jurisdiction and necessitate remand of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7336-CAS(FFMx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | ASHLEY VINCENTI ET AL. v. EXXON MOBIL CORPORATION, ET AL. | | |

action to state court. Plaintiffs allege that three of the proposed additional defendants, Eskandar Jahangir, George Castle, and Ralph Poulin, operated the Mobil Station, including underground fuel tanks, from 1956 through 1987. Proposed Second Amended Complaint ("Proposed SAC") ¶¶ 4-6, 11. Plaintiffs contend that Jahangir is a citizen of California, and submit business and property records showing that he owns residential property in Santa Barbara County and operates an Exxon Mobil gas station in Santa Barbara. *See* Reply, Exs. A, B. Plaintiffs allege that the fourth proposed defendant Holguin, Fahan & Associates, Inc. ("Holguin") is a California business organization that managed, operated and controlled soil testing and remediation activities at the site of the Mobil Station following its decommissioning in 1987. Proposed SAC ¶¶ 12-13. Exxon Mobil responds that the proposed additional defendants are "sham" defendants and should not be joined.

After examining all relevant factors, the Court grants Plaintiffs' motion for leave to file the Second Amended Complaint, and no longer having a basis for subject matter jurisdiction, the Court remands this action to the Superior Court of California, County of Santa Barbara, Case No. 1374353.

**II.    Legal Analysis**

Except for amendments made as a matter of course or pursuant to stipulation, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a)(2). Generally, leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, bad faith, futility, or undue delay. Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997)(overruled on other grounds); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). However, if after removal the plaintiff seeks to add defendants whose presence would destroy subject matter jurisdiction, the court has discretion to deny joinder, or permit joinder and remand the action. 28 U.S.C. § 1447(e).

In determining whether to permit joinder, courts take into account the following factors: (1) whether the party to be joined would be a necessary party under Rule 19 of the Federal Rules of Civil Procedure; (2) whether the statute of limitations would bar action against the new defendants in state court; (3) whether there is any unexplained delay in seeking joinder; (4) whether plaintiff is seeking to join a party solely to destroy diversity of citizenship; (5) the apparent validity of the claims; and (6) any prejudice to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7336-CAS(FFMx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | ASHLEY VINCENTI ET AL. v. EXXON MOBIL CORPORATION, ET AL. | | |

plaintiff, such as whether judgment can be satisfied against the existing defendants or whether the proposed party can be sued in state court. Schwarzer et al., California Practice Guide, Federal Civil Procedure Before Trial, § 2:3654 (The Rutter Group 2011) (citing Lopez v. General Motors, 697 F.2d 1328, 1332 (9th Cir. 1983); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 352 (1988); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376-77 (9th Cir. 1980); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal., 1999)).

Turning to the first factor, Rule 19 of the Federal Rules of Civil Procedure provides for mandatory joinder where joinder would not deprive the court of subject matter jurisdiction and where in that party's absence the court cannot provide complete relief among the existing parties. Fed. R. Civ. P. 19(a)(1); see Lopez, 697 F.2d at 1332. California Civil Code Section 1431.2 provides that in actions for personal injury, property damage, or wrongful death, the liability of each defendant for non-economic damages (subjective non-monetary losses such as emotional distress) shall be several and not joint, and that each defendant's liability for non-economic damages shall be accorded a separate judgment in direct proportion to that defendant's percentage of fault. Cal. Civ. Code § 1431.2.  Here, Plaintiffs seek both economic and non-economic damages, including compensation for emotional distress.  First Amended Complaint ("FAC"), at 6-7, Dkt. No. 2, at 12-13.  Without joinder, the lack of joint liability for non-economic damages under California law could prevent Plaintiffs' complete recovery of non-economic damages.  For instance, if Exxon Mobil were found liable for a fraction of damages and the remainder attributed to non-joined defendants, Exxon Mobil's liability for non-economic damages would be capped at that fraction, and Plaintiffs could not recover the remaining damages. The possibility that Plaintiffs could not secure complete relief without joinder weighs in favor of joinder.

With regard to the second factor, California has a two year statute of limitations for personal injury actions.  Cal. Code Civ. Pro. § 335.1; see Cohill, 484 U.S. at 352.  While the statute of limitations normally runs from the time that the cause of action accrues, an important exception is the "discovery rule," which postpones the running of the limitations period until the plaintiff discovers or had reason to discover the cause of action.  Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005).  Plaintiffs claim that they first learned of contamination in March 2009 upon receipt of a letter from the city disclosing the possibility of contamination, in which case the two year statute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7336-CAS(FFMx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | ASHLEY VINCENTI ET AL. v. EXXON MOBIL CORPORATION, ET AL. | | |

limitations would bar a new, separate action against the proposed additional defendants.[1] FAC, at 4, Dkt. No. 2, at 10. Accordingly, the possibility that the statute of limitations could bar a separate action against the proposed additional defendants favors joinder.

With regard to the third factor of whether there was any unexplained delay, Plaintiff discovered the identity of all doe defendants, excepting Holguin, subsequent to the filing of the action. Plaintiffs sought joinder approximately six weeks after removal, and prior to the scheduling conference. See Clinco, 41 F. Supp. 2d at 1083 (finding delay of approximately six weeks not unreasonable). The Court does not find this to be an unreasonable delay.

Under the fourth and fifth factors, joinder may be denied where the plaintiff appears to have no valid claims and is motivated to seek joinder in order to destroy diversity of citizenship. See Desert Empire Bank, 623 F.2d at 1376-77; Clinco, 41 F. Supp. 2d at 1083. Here, the proposed additional defendants directly relate to the claims at issue, as they operated the Mobil Station responsible for the contamination, or were involved in the cleanup of the contamination. As Plaintiffs argue in their Reply, even if Exxon Mobil were correct in contending that it alone is responsible under California regulatory law for operation and remediation of the Mobil Station storage tanks, this does not necessarily show that the proposed additional defendants would be absolved of liability under traditional principles of tort law. See 23 Cal. Admin. Code § 2720. Likewise, even if, as Exxon Mobil contends, Plaintiffs would have difficulty pursuing claims against proposed additional defendants Poulin (deceased) and Castle (whereabouts unknown), Exxon Mobil does not show that potentially valid claims could not be pursued against proposed additional defendants Jahangir or Holguin. See Reply, Exs. A, B (Santa Barbara County property and business records of proposed additional defendant Jahangir). To the extent that Exxon Mobil argues that the proposed additional defendants are "sham" defendants, Exxon Mobil has not satisfied the heavy burden of proving that there is absolutely no possibility that Plaintiffs would be able to establish a cause of action against the proposed additional defendants in state court. See Green v. Amerada

---

[1] While Exxon Mobil states in its Opposition, "[w]e know the Vincentis first learned of the potential contamination underneath their property no later than November 2007," it provides no factual basis for this assertion. Opp., at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7336-CAS(FFMx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | ASHLEY VINCENTI ET AL. v. EXXON MOBIL CORPORATION, ET AL. | | |

Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). The potential validity of claims against the proposed additional defendants, and the possible necessity of such defendants for complete recovery of non-economic damages as discussed above, provides adequate basis for the Court to further find that the proposed additional defendants were not added solely for the purpose of destroying diversity. Accordingly, these factors weigh in favor of joinder.

    As to the sixth factor of whether the plaintiff could potentially be prejudiced by a denial of joinder, as discussed above, a denial of joinder could preclude full collection of non-economic damages from Exxon Mobil, or any collection from the proposed additional defendants because of the statute of limitations. See Newcombe, 157 F.3d at 691. This factor also favors joinder.

    Accordingly, the Court grants Plaintiffs' motion for leave to file the Second Amended Complaint. For the Court to have diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Plaintiffs are citizens of California and Exxon Mobil does not adequately show that proposed additional defendants Jahangir and Holguin are citizens of different states. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986)(the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists); Notice of Removal ¶¶ 9-10, Dkt. No. 1. As there is no longer complete diversity between the parties, the Court no longer has jurisdiction, and this action is remanded to the Superior Court of California, County of Santa Barbara, Case No. 1374353.

    IT IS SO ORDERED.

_00_:_00__

___RS___